IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| JERRY B. EZEBUIROH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 19-cv-729-JPG |
| | ) | |
| | ) | |
| JOHN DOE #1 CORRECTIONAL OFFICER, | ) | |
| JOHN DOE #2 CORRECTIONAL OFFICER, | ) | |
| and UNKNOWN PARTY #'s 1 and 2 (N/A OFFICERS), | ) | |
| | ) | |
| Defendants. | | |

# **MEMORANDUM AND ORDER**

**GILBERT, District Judge:**

Plaintiff Jerry B. Ezebuiroh, a detainee at Marion County Law Enforcement Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983 for miscellaneous alleged violations of his constitutional rights. Plaintiff seeks monetary damages.

This case is now before the Court for preliminary review of the Complaint pursuant to 28 U.S.C. § 1915A. Under Section 1915A, the Court is required to screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). Any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b).

**Discussion**

Plaintiff's Complaint is a combination of short statements complaining about various aspects of Marion County Jail. (Doc. 1, p. 7). He complains about an officer touching his penis, his access to legal books, and several medical ailments. (*Id*. at pp. 6-8). He has filed three motions to amend his Complaint (Docs. 5, 6, and 8), as well as two supplements (Docs. 13 and 15) seeking to add additional claims and individuals. In these documents, he seeks to add claims about his food, legal mail, additional medical ailments, and various other complaints about his life in jail. He has not, however, filed an amended complaint, which sets forth all of his original and new claims. The Court will not accept piecemeal amendments to the original complaint. Because an amended complaint supersedes and replaces the original complaint, *see Flannery v. Recording Indus. Ass'n of Am.*, 354 F.3d 632, 638 n. 1 (7th Cir.2004), any amended complaint must stand on its own, without reference to any previous pleading. Here, Plaintiff's various motions and supplements could not stand on their own as amended complaints. Thus, to the extent that Plaintiff seeks to amend his Complaint, those motions and supplements are **DENIED**. (Docs. 5, 6, 8, 13 and 15).

There are also a number of problems with Plaintiff's original Complaint (Doc. 1). The majority of his claims lack any allegations of personal involvement on the part of defendants. Section 1983 "creates a cause of action based on personal liability and predicated upon fault; thus liability does not attach unless the individual defendant caused or participated in a constitutional violation." *Vance v. Peters*, 97 F.3d 987, 991 (7th Cir. 1996). He alleges that he signed a consent form for his cell phone to be turned over to a private investigator. (Doc. 1, p. 6). He then later requested that the form be destroyed, but despite this request, the phone was turned over to the investigator. (*Id*.). He also alleges that he has diabetes but has not been provided with any

treatment for his feet and also suffers from an untreated boil. (*Id*. at pp. 7-8). Plaintiff does not associate any of these claims with any particular individual. This is insufficient to state a claim. Plaintiff must make plausible allegations against individuals, and these individuals must be listed in the case caption. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Myles v. United States,* 416 F.3d 551, 551-52 (7th Cir. 2005) (to be properly considered a party a defendant must be "specif[ied] in the caption").

Plaintiff's other claims are also not sufficiently pled. A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief", FED. R. CIV. P. 8(a), in order to "give defendants fair notice of the claims against them and the grounds for supporting the claims." *Stanard v. Nygren*, 658 F.3d 792, 797 (7th Cir. 2011) (citing *Killingsworth v. HSBC Bank Nev., N.A.,* 507 F.3d 614, 618 (7th Cir. 2007); *Twombly*, 550 U.S. at555). Rule 8(d) requires "simple, concise, and direct" allegations. FED. R. CIV. P. 8(d)(1). While Plaintiff's allegations are definitely short, they fail to provide enough information to show that he is entitled to relief. Plaintiff alleges that a female officer offered an inmate the opportunity to pull her hair if he, in turn, hit Plaintiff, but he does not allege that he was actually hit by the inmate. (Doc. 1, pp. 7-8). He also claims that he complained to a sergeant about chest pains but fails to provide enough information about the event to allege that the sergeant was objectively unreasonable in responding to his complaints. *McCann v. Ogle Cty., Illinois*, 909 F.3d 881, 886 (7th Cir. 2018) (citing *Miranda v. County of Lake*, 900 F.3d 335 (7th Cir. 2018)). These allegations, thus, fail to state a claim.

Plaintiff does identify a correctional officer(s) who he alleges improperly touched his genitals during a shakedown but even that claim is far from clear as the Court is unable to determine whether it was one correctional officer or multiple correctional officers and whether this

was a single event or happened on multiple occasions. (Doc. 1, p. 6). Thus, Plaintiff fails to provide enough information to put a potential defendant on notice of the claims against him.

Finally, Plaintiff's Complaint violates the rules of joinder by throwing all of his grievances together in a single Complaint. FED. R. CIV. P. 18-21; *Wheeler v. Wexford Health Sources, Inc.*, 689 F.3d 680 (7th Cir. 2012) ("A litigant cannot throw all of his grievances, against dozens of different parties, into one stewpot."). This will result in severance of his unrelated claims into separate lawsuits, for which he will owe a filing fee and may also incur a "strike" within the meaning of 28 U.S.C. § 1915(g). Plaintiff must, instead, pursue related claims against a single group of defendants in his Complaint.

For the foregoing reasons, the Complaint does not survive preliminary review and is **DISMISSED without prejudice**. The Court **GRANTS** Plaintiff leave to amend his Complaint. The Court reminds Plaintiff that a successful Complaint generally alleges "the who, what, when, where, and how…" *See DiLeo v. Ernst & Young*, 901 F.2d 624, 627 (7th Cir. 1990). Thus, the amended complaint should identify who violated Plaintiff's constitutional rights by name, if known, and should include a description of how Plaintiff's rights were violated, which he has not done with his current Complaint. If Plaintiff does not know the names of these individuals, he can refer to them by Doe designation (e.g., John Doe 1 (correctional officer working the noon shift)). Additionally, any individual Plaintiff intends to sue should be identified as a defendant in the case caption and should be referenced in the body of the amended complaint.

Plaintiff is also reminded that he may pursue related claims against single groups of individuals in his Amended Complaint. His current claims involve different defendants, arise from separate transactions or occurrences, share no common questions of fact, and focus on different legal theories. Therefore, they cannot proceed together in the same suit. *See* FED. R. CIV. P. 18,

4

20(a)(2); *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007); *Wheeler v. Talbot*, 695 F. App'x 151 (7th Cir. 2017); *Owens v. Godinez*, 860 F.3d 434, 436 (7th Cir. 2017). If Plaintiff's Amended Complaint again identifies various unrelated grievances against different individuals, those claims will be subject to severance into separate lawsuits, for which he will owe a filing fee and may also incur a "strike" within the meaning of 28 U.S.C. § 1915(g). To help Plaintiff craft a proper amended complaint, the **CLERK** is **DIRECTED** to mail Plaintiff a blank civil rights complaint form. It is strongly recommended that Plaintiff use this form for his Amended Complaint.

### Pending Motions

Plaintiff has filed several motions which are currently pending before the Court. Plaintiff filed two motions asking for a copy of his original Complaint. (Docs. 9 and 12). The Clerk is **DIRECTED** to send Plaintiff a copy of his original Complaint (Doc. 1). To the extent that his Motion for Court Order (Doc. 9) also requests paper and materials on constitutional civil rights, the Court **DENIES** that motion. The Court will provide Plaintiff with a blank civil rights complaint form which should provide him with the information and paper needed to craft his amended complaint. The Court also **DENIES** Plaintiff's motion for copies of legal citations included in the Court's Order denying his motion for preliminary injunction (Doc. 14). The text entry (Doc. 11) explains the reasoning for the denial of his motion for preliminary injunction, including the holdings of the case citations.

### Disposition

**IT IS HEREBY ORDERED** that Plaintiff's Complaint is **DISMISSED without prejudice** for failure to state a claim upon which relief may be granted.

Plaintiff is **GRANTED** leave to file a "First Amended Complaint" on or before **October 21, 2019**. Should Plaintiff fail to file his First Amended Complaint within the allotted time or

consistent with the instructions set forth in this Order, the entire case shall be dismissed with prejudice for failure to comply with a court order and/or for failure to prosecute his claims. Fed. R. App. P. 41(b). *See generally Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466 (7th Cir. 1994); 28 U.S.C. § 1915(e)(2). The dismissal shall count as one of Plaintiff's three allotted "strikes" under 28 U.S.C. § 1915(g).

An amended complaint supersedes and replaces the original complaint, rendering the original complaint void. *See Flannery v. Recording Indus. Ass'n of Am.*, 354 F.3d 632, 638 n. 1 (7th Cir. 2004). The Court will not accept piecemeal amendments to the original Complaint. Thus, the First Amended Complaint must stand on its own, without reference to any previous pleading, and Plaintiff must re-file any exhibits he wishes the Court to consider along with the First Amended Complaint. The First Amended Complaint is subject to review pursuant to 28 U.S.C. § 1915A.

Plaintiff is further **ADVISED** that his obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee remains due and payable, regardless of whether Plaintiff elects to file a First Amended Complaint. *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this Order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

The Clerk is **DIRECTED** to mail Plaintiff a blank civil rights complaint form for use in preparing the First Amended Complaint.

**IT IS SO ORDERED.**

**DATED: 9/23/2019**

                                                           s/J. Phil Gilbert
                                                           **United States District Judge**