# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JERRY B. EZEBUIROH, #19059152, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> JOHN DOE #1, ) <br> JOHN DOE #2, ) <br> JOHN DOE #3, ) <br> JOHN DOE #4, and ) <br> JANE DOE #5, ) <br> ) <br> Defendants. ) | Case No. 19-cv-729-JPG |

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

This matter is before the Court for preliminary review of the Amended Complaint (Doc. 25) filed by Plaintiff Jerry B. Ezebuiroh on October 21, 2019. Plaintiff, a detainee at Marion County Law Enforcement Center, brings this action for constitutional deprivations pursuant to 42 U.S.C. § 1983. In the Amended Complaint, Plaintiff claims that he was sexually assaulted by a correctional officer on or around June 1, 2019. (*Id*. at pp. 1-13). He seeks money damages and injunctive relief.[1] (*Id*.).

The Amended Complaint is subject to review under 28 U.S.C. § 1915A, which requires the Court to screen prisoner complaints and filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). Any portion of a complaint that is legally frivolous, malicious, fails to state a claim

---

[1] Plaintiff specifically seeks employment termination of certain defendants and (possibly) a transfer. The Court construes these requests as ones for injunctive relief *at the close of the case*.

upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b).

**Amended Complaint**

Plaintiff makes the following allegations in the Amended Complaint (Doc. 25, pp. 1-13). On or around June 1, 2019, an unknown correctional officer (John Doe 1) fondled Plaintiff's genitals during a pat down search. (*Id*. at p. 7). When Plaintiff complained to the officer, he told Plaintiff to "deal with it." (*Id*.). In June and July 2019, Plaintiff reported the incident to an unknown Safe officer (John Doe 2), Jail administrator (John Doe 3), and detective (John Doe 4), but they allegedly delayed the investigation and ultimately denied him relief. (*Id*. at pp. 8-9). Plaintiff met with an unknown nurse (Jane Doe 5) to discuss his injuries (*i.e.*, genital pain and redness), but she told him that it "[wa]s to[o] much for her ears" and refused to treat him thereafter. (*Id*.).

Based on the allegations, the Court finds it convenient to organize the *pro se* Amended Complaint into the following enumerated Counts:

> **Count 1:** Fourteenth Amendment claim against John Doe 1 (correctional officer) for fondling Plaintiff's genitals unnecessarily during a pat down search on or around June 1, 2019.
>
> **Count 2:** Fourteenth Amendment claim against John Doe 2 (Safe officer), John Doe 3 (Jail administrator), and John Doe 4 (detective) for delaying, disregarding, and/or denying his grievances and complaints regarding the incident.
>
> **Count 3:** Fourteenth Amendment claim against Jane Doe 5 (nurse) for denying Plaintiff medical treatment for the injuries he sustained during the incident.

**Any claim that is mentioned in the Amended Complaint but not addressed herein is considered dismissed without prejudice as inadequately pled under *Twombly*.**[2]

---

[2] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

Counts 1 and 3 survive screening under the Fourteenth Amendment[3] and Section 1915A. *See McCann v. Ogle Cty., Illinois*, 909 F.3d 881, 886 (7th Cir. 2018) (citing *Miranda v. County of Lake*, 900 F.3d 335, 352 (7th Cir. 2018)) (articulating legal standards for excessive force and medical claims brought by pretrial detainees). Accordingly, Count 1 shall receive further review against John Doe 1 (officer), and Count 3 shall receive further review against Jane Doe 5 (nurse).

However, Count 2 does not survive screening. Standing alone, the mishandling of inmate complaints by grievance officials states no constitutional claim. "[A] state's inmate grievance procedures do not give rise to a liberty interest protected by the Due Process Clause." *Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir. 1996). The Constitution requires no procedure at all, and the failure of state prison officials to follow their own procedures does not, of itself, violate the Constitution. *Maust v. Headley,* 959 F.2d 644, 648 (7th Cir. 1992); *Shango v. Jurich*, 681 F.2d 1091, 1100-01 (7th Cir. 1982). Count 2 shall be dismissed with prejudice against John Doe 2 (Safe officer), John Doe 3 (Jail administrator), and John Doe 4 (detective) for failure to state a claim.

**Identification of Unknown Defendants**

Plaintiff shall be allowed to proceed with Counts 1 and 3 against John Doe 1 and Jane Doe 5. However, these defendants must be identified with particularity before service of the Amended Complaint can be made on them. Plaintiff will have the opportunity to engage in limited discovery to ascertain the identity of these defendants. *Rodriguez*, 577 F.3d at 832. The Marion County Sheriff will be added as a defendant, in his or her official capacity only, for purposes of identifying each of the defendants by name. Once their names are discovered, Plaintiff must file a motion to

---

[3] Because Plaintiff describes himself as a detainee, the Court has analyzed his claims under the legal standard applicable to pretrial detainees, *i.e.*, Fourteenth Amendment.

substitute the newly-identified defendants in place of their generic designations in the caption and Amended Complaint.

## Pending Motions

**A.     Motions for Recruitment of Counsel (Docs. 7, 26, and 31)**

Plaintiff's Motions for Recruitment of Counsel are **GRANTED**. Plaintiff has demonstrated reasonable efforts to locate counsel on his own. The Court further finds that Plaintiff's limited education, medical issue(s), and mental health condition(s) prevent him from litigating this matter *pro se*. Given that all defendants are unknown, he will need help identifying these individuals with particularity before proceeding with his claims against the defendants. The guiding hand of counsel is necessary to move this matter forward. Accordingly, the Court will randomly select counsel through the Case Management/Electronic Case Filing ("CM/ECF") system to represent Plaintiff in propounding discovery aimed at identifying the unknown defendants and otherwise representing Plaintiff in litigating this case.

**B.     Miscellaneous Motions (Docs. 27, 29, and 30)**

Plaintiff other motions, *i.e.,* seeking clarification (Doc. 27), a phone interview (Doc. 29), and a status report (Doc. 30), are **DENIED** as **MOOT**.

## Disposition

The **CLERK** is directed to **ADD** the **MARION COUNTY SHERIFF** (official capacity only) to the docket for the purpose of identifying John Doe 1 (officer) and Jane Doe 5 (nurse). The Clerk is further directed to **SUBSTITUTE** Defendant **JANE DOE 5** (nurse) in place of Defendant **JOHN DOE 5** (nurse) in CM/ECF.

**IT IS ORDERED** that the Amended Complaint (Doc. 25) survives screening as follows:

- **COUNT 1** against Defendant **JOHN DOE (correctional officer)**; and

- **COUNT 3** against Defendant **JANE DOE 5 (nurse)**.

These claims are dismissed without prejudice against any defendant not named in connection with each claim. **Pursuant to Administrative Order No. 244, Defendants need only respond to the issues stated in this Merits Review Order.**

**IT IS ORDERED** that **COUNT 2** is **DISMISSED** with prejudice against Defendants **JOHN DOE 2 (Safe officer), JOHN DOE 3 (Jail administrator),** and **JOHN DOE 4 (detective)** for failure to state a claim.

The Clerk of Court shall prepare for Defendant **MARION COUNTY SHERIFF** (official capacity only): (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Amended Complaint (Doc. 25), and this Memorandum and Order to Defendant's place of employment. If Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on Defendant, and the Court will require Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure. **Marion County Sheriff need not answer or otherwise response to the Amended Complaint; he/she must only enter his/her appearance and will receive further instructions on discovery at a later date.**

Service shall not be made on Defendants **JOHN DOE 1** and **JANE DOE 5** until Plaintiff has identified them by name in a properly filed motion for substitution of parties. Plaintiff is **ADVISED** that it is his responsibility to provide the Court with the name and service address of these individuals.

**Recruitment of Counsel**

In accordance with 28 U.S.C. § 1915(e)(1) and Local Rule(s) 83.1(i) and 83.9(b), attorney **Adama Wiltshire** of **Littler Mendelson, L.P.** located in St. Louis, Missouri, is **ASSIGNED** to represent Plaintiff in this civil rights case. On or before **January 21, 2020**, assigned counsel shall enter his/her appearance in this case. Attorney Wiltshire is free to share responsibilities with an associate who is also admitted to practice in this district court. Assigned counsel, however, must enter the case and make first contact with Plaintiff, explaining that an associate may also be working on the case. Plaintiff should wait for his attorney to contact him in order to allow counsel an opportunity to review the court file.

The Clerk of Court is **DIRECTED** to transmit this Order and copies of the docket sheet and Doc. 25 to attorney Wiltshire. The electronic case file is available through CM-ECF.

Now that counsel has been assigned, Plaintiff <u>shall not</u> personally file anything in this case, except a pleading that asks that she be allowed to have counsel withdraw from representation. If counsel is allowed to withdraw at the request of Plaintiff, there is no guarantee the Court will appoint other counsel to represent Plaintiff.

Counsel is **ADVISED** to consult Local Rules 83.8-83.14 regarding *pro bono* procedures.

Plaintiff and his counsel are **ADVISED** that, because Plaintiff is proceeding *in forma pauperis*, if there is a monetary recovery in this case (either by verdict or settlement), any unpaid out-of-pocket costs must be paid from the proceeds. *See* SDIL-LR 3.1(c)(1). If there is no recovery in the case (or the costs exceed any recovery), the Court has the discretion to reimburse expenses.

Section 2.6 of this Court's Plan for the Administration of the District Court Fund provides for a degree of reimbursement of *pro bono* counsel's out-of-pocket expenses, as funds are

available. The Plan can be found on the Court's website, as well as the form motion for out-of-pocket expenses and an Authorization/Certification for Reimbursement. Any motion for reimbursement must be made within 30 days from the entry of judgment, or reimbursement will be waived. *See* SDIL-LR 83.13. The funds available for this purpose are limited, however, and counsel should use the utmost care when incurring out-of-pocket costs. In no event will funds be reimbursed if the expenditure is found to be without a proper basis. The Court has no authority to pay attorney's fees in this case. No portion of a partial filing fee assessed pursuant to 28 U.S.C. § 1915 will be reimbursed. Counsel may be reimbursed for PACER fees for this case.

The district court has entered into an agreement with attorney James P. Chapman and the Illinois Institute for Community Law to consult with lawyers on issues in these cases, including substantive and procedural questions (both legal and practical) and dealing with the client. Mr. Chapman can be reached by phone at (312) 593-6998 or email at JamesPChapman@aol.com. His services are available to counsel free of charge, as long as counsel is representing a prisoner *pro bono* on a case in the district. In addition, the Court's website, www.ilsd.uscourts.gov, includes a guide for attorneys which is available as a resource. It is listed under "Rules and Forms" as "Guide for Attorneys Recruited to Represent Plaintiffs in Section 1983 Cases." The Court encourages appointed counsel to consult it and Mr. Chapman as needed.

As of this date, Plaintiff's contact information is:

**JERRY B. EZEBUIROH, #19059152**
**Marion County Law Enforcement Center**
**204 North Washington Avenue**
**Salem, IL 62881**

**IT IS SO ORDERED**.

**DATED: 12/20/2019**                          s/J. Phil Gilbert
                                               **J. PHIL GILBERT**
                                               **United States District Judge**

## Notice to Plaintiff

The Court will take the necessary steps to notify the appropriate defendants of your lawsuit and serve them with a copy of your complaint.  After service has been achieved, the defendants will enter their appearance and file an Answer to your Complaint.  It will likely take at least **60 days** from the date of this Order to receive the defendants' Answer, but it is entirely possible that it will take **90 days** or more.  When all the defendants have filed Answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures.  Plaintiff is advised to wait until counsel has appeared for the defendants before filing any motions, to give the defendants notice and an opportunity to respond to those motions.  Motions filed before defendants' counsel has filed an appearance will generally be denied as premature.  **Plaintiff need not submit any evidence to the Court at this time, unless specifically directed to do so.**