IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **JERRY B. EZEBUIROH, #19059152,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| vs. ) | Case No. 19-cv-729-JPG |
| ) | |
| **JACOB GRAY and** ) | |
| **ALLISON ALEXANDER,** ) | |
| ) | |
| **Defendants.** ) | |

# MEMORANDUM AND ORDER

**GILBERT, District Judge:**

This matter is before the Court for consideration of a Motion for Summary Judgment filed by Defendant Allison Alexander (Doc. 97). For the reasons set forth below, the motion shall be **GRANTED**, and Nurse Alexander shall be **DISMISSED**.

### BACKGROUND

Plaintiff Jerry Ezebuiroh filed this civil rights action *pro se* pursuant to 42 U.S.C. § 1983. (Doc. 1). In his First Amended Complaint, he alleges that a correctional officer (Jacob Gray) fondled his genitals during a pat down search at Marion County Law Enforcement Center on June 1, 2019, and a nurse (Allison Alexander) refused to examine or treat his injuries. (Doc. 25, pp. 1-13). Following preliminary review of this matter under 28 U.S.C. § 1915A, Ezebuiroh was allowed to proceed with two claims: (a) Count 1 – a Fourteenth Amendment claim against Officer Gray for fondling Ezebuiroh's genitals unnecessarily during a pat down search on June 1, 2019; and (b) Count 3 – a Fourteenth Amendment claim against Nurse Alexander for denying Plaintiff medical treatment for the injuries he sustained during the incident. (Doc. 32).

1

**DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

Nurse Alexander filed for summary judgment on the merits of the medical claim in Count 3.  (Doc. 97).  Nurse Alexander asserts that Ezebuiroh received treatment for several medical conditions during the relevant time period, including his diabetes, foot pain, sore tongue, and dry skin.  However, his records contain no written requests, notes, or entries pertaining to his complaints of genital soreness or redness, and she was not aware of these injuries.  (*Id.*).  Because Ezebuiroh cannot demonstrate that the nurse provided objectively unreasonable medical care, the nurse requests summary judgment and dismissal of the medical claim against her.  (*Id.*).

**PLAINTIFF'S RESPONSE**

Ezebuiroh counters that genuine issues of material fact preclude summary judgment.  (Doc. 98).  In support of this position, he points to allegations in the amended complaint and a single grievance.  (*Id.*) (citing Doc. 25, ¶¶ 7, 10).  On the basis of these allegations and complaints, which are addressed in more detail below, Ezebuiroh asks the Court to deny the nurse's motion for summary judgment and allow Count 3 to proceed against her.  (Doc. 98).

**FACTS**

The following facts are offered by the parties in their summary judgment materials.  (*See* Docs. 97 and 98).  To the extent any facts are disputed, they are presented in the light most favorable to the nonmoving party, *i.e.*, Ezebuiroh.

**A.     The Pat Down**

Ezebuiroh offers the only facts about the alleged staff assault on June 1, 2019.  (Doc. 98, ¶ 12) (citing Doc. 25, ¶ 7).  He states that around 8:40 p.m., Officer Gray grabbed his genitals and held onto them during a pat down.  (*Id.*) (citing Doc. 25, ¶ 10).

Sometime later, Ezebuiroh presented to sick call and told Nurse Alexander that an officer grabbed his genitals while searching him and caused his already-sore genitals additional pain and redness. (*Id*. at ¶ 13) (citing Doc. 25, ¶ 10). In response, Nurse Alexander allegedly told Ezebuiroh that the information was "too much for her ears" and directed him to leave her office. (*Id*. at ¶ 14) (citing Doc. 25, ¶ 10). Ezebuiroh complained that his life was in danger. (*Id*. at ¶ 15) (citing Doc. 25, ¶ 10). However, Nurse Alexander did not report the assault, examine the injuries, or treat Ezebuiroh. (*Id*. at ¶ 16).

In a grievance filed July 3, 2019, Ezebuiroh complained that the "jail nurses" warned him that he would stop receiving his medication if he refused to take medication from Officer Gray. (*Id*. at ¶ 17). Ezebuiroh explained that he would not take medicine from Officer Gray because of the assault. (*Id*.). The Jail administrator acknowledge receipt of the grievance the same day but instructed Ezebuiroh to provide more information or leave the matter alone. (*Id*. at ¶ 18).

**B.   Documented Medical Requests & Treatment**

It is undisputed that Ezebuiroh received medical care, as described below, during the relevant time period. (*See* Docs. 97 and 98). At the time he entered the Jail, he was suffering from foot pain associated with his diabetes. (Doc. 97, ¶ 2; Doc. 98, ¶ 2). Dr. Lochard prescribed Cymbalta and Tylenol for his pain and monitored his blood sugar levels. (*Id*.). When Ezebuiroh complained about a sore on his tongue on May 28, 2019, Dr. Lochard prescribed antibiotics for the sore, adjusted his dosage of Cymbalta, and ordered Eucerin lotion for his feet. (*Id*. at ¶ 3). On June 4, 2019, Ezebuiroh submitted a sick call request for "something" to remove dead skin from his feet. (*Id*. at ¶ 4). On June 5, 2019 and June 12, 2019, Nurse Alexander inquired whether the lotion was helping with his dead skin. (*Id*. at ¶ 5).

On June 13, 2019, Ezebuiroh submitted a sick call request complaining of thyroid problems. (*Id*. at ¶ 6). Nurse Alexander requested his medical records from Hill Correctional Center. (*Id*.).

On June 24, 2019, Ezebuiroh submitted another sick call request for treatment of his sore tongue, and Dr. Lochard recommended pain medications from the commissary and included the chronic clinic in his treatment plan for Ezebuiroh on June 26, 2019. (*Id*. at ¶ 7). On June 27, 2019, Ezebuiroh submitted a sick call request for further treatment of pain on his tongue and pain with swallowing. (*Id*. at ¶ 8). Dr. Lochard ordered more antibiotics the following day. (*Id*.).

Ezebuiroh's sick call requests and provider notes contain no complaints about the assault or injuries. (*Id*. at ¶ 9). Nurse Alexander maintains that she has no knowledge of the above-referenced incident or injuries whatsoever. (*Id*. at ¶ 10).

## LEGAL STANDARD

Summary judgment is appropriate only if the moving party can show "there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a); *Celetex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The moving party has the burden of establishing that no material facts are genuinely disputed. *Lawrence v. Kenosha Cty.*, 391 F.3d 837, 841 (7th Cir. 2004). Any doubt about the existence of a genuine issue must be resolved in favor of the nonmoving party. *Id*.

When presented with a motion for summary judgment, the Court does not decide the truth of the matters presented, and it cannot "choose between competing inferences or balance the relative weight of conflicting evidence." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Hansen v. Fincantieri Marine Grp., LLC,* 763 F.3d 832, 836 (7th Cir. 2014) (citations omitted); *Doe v. R.R. Donnelley & Sons Co.*, 42 F.3d 439, 443 (7th Cir 1994).

Once a properly supported motion for summary judgment is filed, the adverse party "must set forth specific facts showing there is a genuine issue for trial." *Anderson*, 477 U.S. at 250. The Court must then "view all the evidence in the record in the light most favorable to the non-moving party and resolve all factual disputes in favor of the non-moving party." *Hansen*, 763 F.3d at 836. If the "evidence is such that a reasonable jury could return a verdict for the nonmoving party[,]" then a genuine dispute of material fact exists. *Zaya v. Sood*, 836 F.3d 800, 804 (7th Cir. 2016).

## DISCUSSION

The Fourteenth Amendment Due Process Clause governs a pretrial detainee's claim for inadequate medical care. *James v. Hale*, 959 F.3d 307, 318 (7th Cir. 2020). The Seventh Circuit Court of Appeals articulated the applicable legal standard for these claims in *Miranda v. Cty. of Lake*, 900 F.3d 335, 352 (7th Cir. 2018). The controlling inquiry consists of two steps. *Id*. The first step focuses on the intentionality of the defendant's conduct and asks "whether the medical defendant[ ] acted purposefully, knowingly, or perhaps even recklessly when [she] considered the consequences of [her] handling of [plaintiff's] case." *See Miranda*, 900 F.3d at 353. The second step asks whether the challenged conduct was objectively reasonable based on the totality of the circumstance faced by the defendant. *Id*. at 354. If the undisputed facts demonstrate that Nurse Alexander acted objectively reasonably in her treatment of Ezebuiroh's serious medical condition, she is entitled to summary judgment.

Nurse Alexander's proposed facts are considered undisputed for purposes of the motion. *See* FED. R. CIV. P. 56(e)(2). The nurse presents eleven facts that all cite to evidence in the record at Paragraphs 1-11. (Doc. 97, ¶¶ 1-11). Ezebuiroh admits all, but two, facts. (*See* Doc. 98, ¶¶ 1-9). As for the two disputed facts, Ezebuiroh offers no citation to contrary evidence. (*Id*. at ¶¶ 10-11).

5

According to the undisputed facts set forth by Nurse Alexander, Ezebuiroh received regular, timely, and ongoing medical treatment for various ailments during the relevant time period. (Doc. 97, ¶¶ 1-12; Doc. 98, ¶¶ 1-12). He was treated for a sore tongue, painful feet, diabetes, and dry skin. (*Id.*). However, the record contains no request for treatment of his assault-related injuries, including increased genital soreness or redness.[1] (Doc. 97-3, ¶ 11). According to her affidavit, Nurse Alexander was unaware of the alleged June 1, 2019 assault or any injury to Ezebuiroh's genitals. (*Id.* at ¶ 12). Based on these facts, alone, Nurse Alexander is entitled to summary judgment on Count 3.

To survive summary judgment, Ezebuiroh must produce enough evidence to permit an inference that he suffered from an objectively serious medical condition. *Young v. Blozinski*, 770 F. App'x 277, 278 (7th Cir. 2019) (citing *Miranda*, 900 F.3d at 352; *McCann v. Ogle Cty, Illinois*, 909 F.3d 881, 886 (7th Cir. 2018)). He also needs evidence that Nurse Alexander acted purposefully, knowingly, or recklessly when considering the response to his serious medical condition and to demonstrate that her response was objectively *un*reasonable. *Miranda*, 900 F.3d at 352; *James*, 959 F.3d at 318.

Ezebuiroh seeks to overcome summary judgment by relying on allegations in his First Amended Complaint. Referring to it, Ezebuiroh explains that Officer Gray grabbed his genitals and caused injuries, which he reported to the nurse: "Sometime after the assault by Officer Gray, Plaintiff presented to sick call with Defendant Alexander and told her that a corrections officer had

---

[1] Even if the facts were supported by admissible evidence in the record, there is no suggestion that Ezebuiroh's medical condition was serious. He describes genital soreness and redness. At the same time, he alleges that his genitals were "already sore" before the incident, and he offers no indication of the duration or intensity of his increased discomfort or redness. The fact that he did not seek medical attention until "[s]ometime after the assault" and does not indicate that the pain or redness persisted calls into question the seriousness of his condition. (Doc. 98, ¶ 13) (citing Doc. 25, ¶ 10).

6

grabbed him on his genitals, which were already sore, so hard that Plaintiff's genitals turned red." (Doc. 98, ¶ 13) (citing Doc. 25, ¶ 10). The nurse claimed the news was "too much for her ears" and instructed him to leave her office without taking action to report the assault, examine his injuries, or treat his condition. (*Id*. at ¶¶ 14-16) (citing Doc. 25, ¶ 10). Ezebuiroh filed one grievance that mentioned the assault in July 2019, and the Jail Administrator told him to provide more information or leave the matter alone. (Doc. 98, ¶¶ 17-18, Ex. 1).

Ezebuiroh cannot meet his burden at summary judgment by reciting allegations in a complaint or making bald assertions to show genuine issues of material fact. A "non-moving party may not rely solely on the allegations in his complaint to defeat summary judgment." *Shermer v. Illinois Dep't of Transp.*, 171 F.3d 475, 478 (7th Cir. 1999) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986)). The non-movant must instead point to evidence. *See* FED. R. CIV. P. 56; *Estate of Perry v. Wenzel*, 872 F.3d 439, 461 (7th Cir. 2017).

According to Federal Rule of Civil Procedure 56, a party asserting that a fact cannot be or is genuinely disputed must support the assertion by:

(A)  citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or

(B)  showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

*See* FED. R. CIV. P. 56(c)(1)(A)-(B). A party may object to the material cited to support or dispute any fact at summary judgment, on the grounds that it cannot be presented in the form of admissible evidence. FED. R. CIV. P. 56(c)(2). Finally, the Court "need consider only the cited materials." FED. R. CIV. P. 56(c)(3).

The Court will not consider Ezebuiroh's proposed facts at Paragraphs 12-17 (*see* Doc. 98)

7

because they are not supported by any admissible evidence.  (Doc. 97, ¶¶ 12-18).  Paragraphs 12 through 15 cite allegations in the amended complaint (*Id*. at ¶¶ 12-15), and Paragraph 16 cites nothing at all (*Id*. at ¶ 16).  Paragraphs 17 and 18 rely on a grievance Ezebuiroh included with his response brief that lacks any foundation in the form of an affidavit, declaration, or otherwise.  (*Id*. at ¶¶ 17-18, Ex. 1).  Moreover, the grievance makes no reference to Nurse Alexander and creates no genuine issue of material fact that precludes summary judgment.  (*Id*.).

Accordingly, the Court finds that Nurse Alexander is entitled to summary judgment on Count 3 – the Fourteenth Amendment claim for denying Ezebuiroh medical treatment for the injuries he sustained during the incident.  Count 3 shall be dismissed with prejudice against Nurse Alexander.

## DISPOSITION

**IT IS ORDERED** that Defendant Allison Alexander's Motion for Summary Judgment (Doc. 97) is **GRANTED**, and **COUNT 3** is **DISMISSED** with prejudice against Allison Alexander.  The Clerk of Courts is **DIRECTED** to **TERMINATE** Allison Alexander as a party in CM/ECF and **ENTER** judgment accordingly at the close of the case.

With regard to **COUNT 1** against Defendant Jacob Gray, the only remaining claim, the Scheduling Clerk is **DIRECTED** to **SCHEDULE** a status conference to discuss a referral for a settlement conference and select dates for a final pretrial conference and trial.

**IT IS SO ORDERED**.

**DATED: 1/20/2023**　　　　　　　　　　　　　　　　s/ J. Phil Gilbert
　　　　　　　　　　　　　　　　　　　　　　　　**J. PHIL GILBERT**
　　　　　　　　　　　　　　　　　　　　　　　　**United States District Judge**